# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                      )<br>   Plaintiff,                              )<br>                                                      )<br>v.                                                 )     Case No. CR-19-00315-PRW<br>                                                      )<br>SHAUN LARON RUSSELL, JR.,  )<br>                                                      )<br>   Defendant.                         ) | |

## ORDER

Due to the COVID-19 pandemic, the Court suspended all criminal and civil jury trials for the months of April, May, and June 2020.[1] On June 10, 2020, the Chief Judge of the U.S. District Court for the Western District of Oklahoma entered General Order No. 20-17, stating that "[t]he Court will conduct *limited* criminal jury trials in July 2020," that "[c]ounsel will be advised by the presiding judge if their case is set on the July 2020 docket," and that "[a]ll other criminal jury trials on the July 2020 docket are continued, to be reset by the presiding judge, who will also address trial-related deadlines."[2]

---

[1] Order ¶ 3, at 1, *In re Serv. Of Process by U.S. Marshals Serv. & Suspension of Grand Jury Sessions & Jury Trials*, No. G.O. 20-8 (W.D. Okla. Mar. 17, 2020); Order ¶ 2, at 1, *In re Suspension of Grand Jury Sessions & Jury Trials in May 2020*, No. G.O. 20-10 (W.D. Okla. Apr. 3, 2020); Order ¶ 2, at 1, *In re Suspension of Jury Trials & Naturalization Ceremonies*, No. G.O. 20-13 (W.D. Okla. May 6, 2020).

[2] Order at 1, *In re Resumption of Criminal Jury Trials & Suspension of Civil Jury Trials*, No. G.O. 20-17 (W.D. Okla. June 10, 2020) (emphasis added).

This action will not be one of the limited criminal jury trials conducted in July 2020. Accordingly, this case shall be **STRICKEN** from the Court's July 2020 jury trial docket, and **RESET** on the Court's August 2020 jury trial docket.

The Court finds that the COVID-19 pandemic continues to be a factor in the forty counties comprising the Western District of Oklahoma. As of Monday, June 15, 2020, the total number of confirmed cases of COVID-19 in Oklahoma is up to 8,417, the total number of COVID-19 related deaths is 359, and the number of active cases is 1,430.[3] The Centers for Disease Control and Prevention (CDC) and Oklahoma State Department of Health (OSDH) continue to recommend social distancing. On June 12, 2020, the Governor of the State of Oklahoma issued Amended Executive Order No. 2020-20, declaring that all 77 counties of Oklahoma were still under an "emergency caused by the threat of COVID-19" and directing, among other things, that individuals follow CDC guidelines for social distancing and for gathering in groups and that businesses adhere to the Oklahoma Department of Commerce's Open Up and Recover Safely (OURS) Plan.[4] The OURS Plan similarly advises citizens to "minimize time spent in crowded environments and [to] continue following CDC guidelines regarding social distancing" during Phase 3 of the

---

[3] Okla. State Dep't Health, *Executive Order COVID-19 Report June 15, 2020*, at 2, *available at* https://coronavirus.health.ok.gov/sites/g/files/gmc786/f/eo_-_covid-19_report_-_6-15-20.pdf (last visited June 16, 2020).

[4] Okla. Am. Exec. Order No. 2020-20, at 1, 5, *available at* https://www.sos.ok.gov/documents/executive/1949.pdf (last visited June 15, 2020).

Plan,[5] which the State entered on June 1st.[6] The social distancing requirements effectively limit the number of jury trials that can be conducted at one time because the Court must ensure that jurors maintain appropriate social distancing. The Western District simply could not summon the number of potential jurors necessary to try all the cases set to be tried on the July 2020 trial docket or conduct all those trials without jeopardizing the health and wellness of jurors, parties, and court personnel alike. All these factors counsel in favor of continuing this matter to the August 2020 trial docket. The period of delay resulting from this continuance is excludable under § 3161(h)(7) of the Speedy Trial Act, as the Court finds the ends of justice served by entering this continuance outweigh the best interests of the public and the defendant to a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

**IT IS SO ORDERED this 16th day of June, 2020.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[5] Okla. Dep't Commerce, *Open Up and Recover Safely: A Three-phased Approach to Open Oklahoma's Economy* 5 (rev. May 28, 2020), *available at* https://www.okcommerce.gov/wp-content/uploads/Open-Up-and-Recover-Safely-Plan.pdf (last visited June 15, 2020).

[6] Oklahoma Commerce, Open Up and Recover Safely (OURS) Plan, https://www.okcommerce.gov/covid19/ours-plan/ (last visited June 15, 2020).