**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CASE NUMBER: CR-19-315-PRW |
| | ) |
| SHAUN LARON RUSSELL, JR., | ) |
| | ) |
|     Defendant. | ) |

## MOTION FOR RELEASE PENDING SENTENCING

Defendant, Shaun Laron Russell, Jr., moves the Court to order his release and placement on conditions pending sentencing pursuant to 18 U.S.C. § 3143(a). Mr. Russell makes this request due to the necessity of providing support for his family before the Court imposes sentence. In support of this motion, Mr. Russell submits the following:

Mr. Russell was charged by Indictment with seven counts of Wire Fraud and two counts of Bank Fraud relating to conduct occurring between September 2014 and August 2016. (Doc. 1). He was arraigned on October 17, 2019 and entered a plea of not guilty. (Doc. 5). That same day, he was placed on conditions of release. (Doc. 6). Up until September 6, 2020, Mr. Russell abided by all conditions of release. He remained employed and in contact with his United States Probation Officer. Mr. Russell did not test positive for any controlled substance and did not miss any drug tests. He was in full compliance.

On September 6, 2020, the United States Probation Office filed a Petition for Action on Conditions of Release. (Doc. 29). The Petition alleged that Mr. Russell violated the conditions of his release by (1) committing a new federal, state, or local crimes; (2) possessed a firearm; and (3) used alcohol excessively. (*Id.*). The allegations stemmed from an

automobile accident on September 6, 2020, in which Mr. Russell's vehicle collided with an ambulance in Oklahoma City. Apart from Mr. Russell, noone was injured. Mr. Russell was found to be in possession of a firearm by Oklahoma City Police Officers.

Magistrate Judge Gary Purcell conducted a bond revocation hearing on September 11, 2020 in which he sustained the petition and revoked Mr. Russell's release. (Doc. 38). In particular, Magistrate Judge Purcell found by clear and convincing evidence that Mr. Russell violated the condition (1) prohibiting possession of a firearm and (2) not using alcohol excessively. The Magistrate Judge also found probable cause that Mr. Russell committed a federal, state, or local crime, and that the factors in 18 U.S.C. § 3142(g) and credible testimony and information from the hearing that there is no condition or combination of conditions of release that will assure Mr. Russell will not flee, or pose a danger to the safety of any other person or the community.[1] Magistrate Judge Purcell also concluded that Mr. Russell was unlikely to abide by any condition or combination of conditions of release. (Doc. 38). Mr. Russell was remanded to the custody of the United States Marshals.

Mr. Russell has executed a Plea Petition, Plea Agreement, Plea Supplement, and waiver of jury trial. The Court has scheduled a change of plea hearing for Monday, September 21, 2020. (Doc. 39). Mr. Russell intends on pleading guilty to a single count in a superseding information charging Conspiracy to Commit Wire Fraud, under 18 U.S.C. § 371. Mr. Russell seeks release after his guilty plea, pending sentencing. Upon information

---

[1] Though the Order references the Magistrate Judge's finding on flight risk, the comments from the bench during the hearing indicated the Magistrate Judge was not as concerned with flight risk.

and belief, it will take months before the Court is prepared to set Mr. Russell's case for sentencing. This time is necessary for the preparation of a Presentence Investigation Report, objections by the parties, filing of Sentencing Memoranda, and responses thereto.

In support of his request for release, Mr. Russell submits that he is the sole income earner for his immediate family. As disclosed in the Pretrial Services Report, Mr. Russell supports his wife and his four children. He has three other children who also depend on his support. Since the preparation of the Pretrial Services Report, Mr. Russell has had a seventh child, who spent the first month of life in the hospital. Mr. Russell's infant is in need of heightened care.

Throughout his time on release, Mr. Russell has maintained employment as the owner / operator of his trucking company. This company is the sole income for his family. It requires his direct involvement, including the driving of routes by Mr. Russell. His wife is temporarily attempting to run the company while he is detained. However, she is also home schooling their children.

Mr. Russell seeks release so he can provide for his children. He is aware of the potential of a sentence of incarceration and simply wants the opportunity to provide for his family and get affairs in order. He believes that failure to release him will result in tremendous hardship to his family. Mr. Russell acknowledges his mistake while on conditions of supervised release. He submits it is an isolated incident occurring nearly one-year into his progress on conditions of release. Moreover, he lacks any significant prior criminal history.

The applicable statute governing release pending sentencing is 18 U.S.C. § 3143(a):

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a)(1).  Mr. Russell's statute of conviction does not require mandatory detention under 18 U.S.C. § 3143(a)(2).

Mr. Russell submits there is clear and convincing evidence he is not likely to flee. He has consistently complied with all reporting and testing requirements of the United States Probation Office.  Moreover, there are conditions under Section 3142(c) which permit the court to find by clear and convincing evidence he will not pose a danger to the safety of any other person or the community if released.  His sole instance of violating his conditions of release involved allegations of excessive alcohol consumption and possession of a firearm. Respectfully, modifying his conditions to require absolutely no alcohol consumption, combined with remote alcohol monitoring, would result in ensuring safety of the community. In light of his progress on supervised release up until September 6, 2020, Mr. Russell submits there are conditions which will assure his appearance and the safety of the community.

Mr. Russell requests the Court enter an order releasing him pending sentencing pursuant to 18 U.S.C. § 3142(a).  Counsel is not submitting a proposed order as the matter will be taken up during Mr. Russell's change of plea on Monday, September 21, 2020.

Respectfully Submitted,

s/ Kyle E. Wackenheim
KYLE E. WACKENHEIM, OBA No. 30760
ASSISTANT FEDERAL PUBLIC DEFENDER
FEDERAL PUBLIC DEFENDER ORGANIZATION
WESTERN DISTRICT OF OKLAHOMA
215 Dean A. McGee   Suite 109
Oklahoma City, Oklahoma 73102
Telephone: 405-609-5930
Telefacsimile: 405-609-5932
Electronic Mail: Kyle_Wackenheim@fd.org
Counsel for Defendant

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 20, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic filing to Charles Brown, Assistant United States Attorney.

s/ Kyle E. Wackenheim
KYLE E. WACKENHEIM
